UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSE CRUZ MILAN AMADOR,<br><br>      Petitioner,<br><br>  v.<br><br>ICE FIELD OFFICE DIRECTOR,<br><br>      Respondent. | Case No. C12-2199-MJP-BAT<br><br>**REPORT AND RECOMMENDATION** |

On December 17, 2012, petitioner Jose Cruz Milan Amador filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging the lawfulness of his immigration detention. Dkt. 1. On February 4, 2013, however, the government filed a motion to dismiss along with a declaration, which indicates that petitioner was removed to Mexico pursuant to an administratively final order of removal on January 30, 2012, and is no longer detained. Dkt. 7, Ex. A. The government asserts that petitioner's habeas petition is, therefore, moot and should be dismissed.

Under 28 U.S.C. § 2241, a writ of habeas corpus "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The "in custody" requirement is satisfied at the time the petition is filed. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citations omitted). To maintain a habeas claim, a

1  petitioner must continue to have a personal stake in the outcome of the suit throughout "all stages
2  of federal judicial proceedings." *United States v. Verdin*, 243 F.3d 1174, 1177 (9th Cir. 2001).
3  At any stage of the proceedings, a petition may become moot "because it no longer present[s] a
4  case or controversy under Article III, § 2, of the Constitution." *Spencer*, 523 U.S. at 7. "For a
5  habeas petition to continue to present a live controversy after the petitioner's release or
6  deportation, however, there must be some remaining collateral consequences that may be
7  redressed by success on the petition." *Abdala v. INS*, 488 F.3d 1061, 1064 (9th Cir. 2007) (citing
8  *Spencer*, 523 U.S. at 7).

9        Here, the relief sought in the habeas petition – supervised release or a bond hearing – is
10 no longer available and there are no collateral consequences that may be redressed. *See id*.
11 ("[W]here the grounds for habeas relief will not redress collateral consequences, a habeas
12 petition does not continue to present a live controversy once the petitioner is released from
13 custody."). The habeas petition, therefore, has become moot and should be dismissed. *See id.*;
14 *see also Cooney v. Edwards*, 971 F.2d 345, 346 (9th Cir. 1992) (holding that the District Court
15 properly dismissed plaintiff's claims that had become either moot or unripe).

16        Any objections to this Recommendation must be filed and served upon all parties no later
17 than **February 27, 2013.**  If no objections are filed, the matter will be ready for the Court's
18 consideration on **March 1, 2013**. If objections are filed, any response is due within 14 days after
19 being served with the objections. A party filing an objection must note the matter for the Court's
20 consideration 14 days from the date the objection is filed and served. Objections and responses
21 ///
22 ///
23 ///

REPORT AND RECOMMENDATION- 2

1   shall not exceed five (5) pages.  The failure to timely object may affect the right to appeal.

2   DATED this 6th day of February, 2013.

3

4

5   BRIAN A. TSUCHIDA
    United States Magistrate Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

REPORT AND RECOMMENDATION- 3